**IN THE COURT OF APPEALS OF IOWA**

No. 25-1336
Filed October 15, 2025

**IN THE INTEREST OF K.C.,**
**Minor Child,**

**S.C., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Scott County, Korie Talkington, Judge.

A mother appeals the termination of her parental rights to one child. **AFFIRMED.**

G. Brian Weiler, Davenport, for appellant mother.

Brenna Bird, Attorney General, and Natalie Hedberg, Assistant Attorney General, for appellee State.

Christine Frederick of Zamora, Taylor & Frederick, Davenport, attorney and guardian ad litem for minor child.

Considered without oral argument by Tabor, C.J., and Greer and Buller, JJ.

**BULLER, Judge.**

A mother appeals termination of her parental rights to a child born in 2019. The father's rights were also terminated, but he does not appeal. After considering the arguments properly presented in the mother's petition on appeal, we affirm.

This family came to the attention of the Iowa Department of Health and Human Services (HHS) in 2024, when the child's grandmother contacted police and reported the mother was denying the child food. When questioned, the mother said that "God" told her that she and the child should fast. An HHS worker observed that the child was obviously hungry.

The mother's mental health concerned HHS, and she eventually agreed to inpatient treatment. HHS attempted to implement a safety plan with the grandmother's assistance, but this was not successful. The mother continued to provide inadequate supervision and engage in concerning behaviors, leading to the child's formal removal and placement with the grandmother.

As of trial, the mother continued to struggle with her mental health. The juvenile court found "it is obvious to the court [that the mother's] mental health is not being treated effectively"—which is consistent with HHS reports about behaviors like staring into space for minutes at a time during visits with the child. After she was diagnosed with unspecified psychosis, the mother was prescribed antipsychotic medication but did not consistently take it. Her engagement with therapy was limited and recent to the termination trial. And she was arrested in the month preceding trial for assaulting her sister.

The child has been diagnosed with semi-nonverbal autism and has some special needs, including a need for additional supervision because she cannot

protect or advocate for herself. The child is doing well with the grandmother, she has shown educational and developmental progress, and her needs are met. As far as HHS was aware, the mother was not educated on issues related to children with autism and had limited insight into the child's needs.

Over the life of the case, the mother attended only about fifteen out of ninety-eight visits with the child. Similarly, she attended only nine out of forty casework sessions. During her involvement with the juvenile court, she has not had a stable job or her own housing. In brief testimony at the termination trial, the mother expressed that she thought she had "done great" addressing her mental health and was "okay without [her] medicine."

The county attorney, HHS, and the child's guardian ad litem (GAL) all recommended termination of parental rights. The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(d), (e), (i), and (k) (2025). She appeals, and we review de novo. *See In re W.M.*, 957 N.W.2d 305, 312 (Iowa 2021).

As a threshold matter, our review of the mother's petition on appeal is constrained by two limitations: error preservation and failure to comply with the rules of appellate procedure. As to the former, the petition includes passing references to the mother's bond with the child and the possibility of a guardianship with the grandmother. But the mother did not clearly argue below—nor did she obtain a ruling on—claims regarding these permissive exceptions. *See* Iowa Code § 232.116(3)(a), (c). These claims are unpreserved, and we address them no further. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). As to the second constraint, the deficiencies in the mother's petition are so significant we

doubt the petition presents a cognizable claim. The petition does not meaningfully cite any case law or the record, nor does it offer much if any analysis specific to the case facts. We could find the entirety of the petition's appellate arguments waived, but we elect to briefly address the one claim arguably presented.[1] *See* Iowa Rs. App. P. 6.201(1)(d), .1401–Form 5; *In re K.D.,* No. 21-0581, 2021 WL 3897419, at *2 (Iowa Ct. App. Sept. 1, 2021) (discussing these rules).

Very generously construing the petition, we discern an argument about best interests. The petition contends "the [juvenile] court's [termination of parental rights] order did not make findings or state a conclusion regarding whether termination was in the child's best interests." But this isn't true. The juvenile court ruled on page six of its order:

> Giving primary consideration to the children's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child, the Court concludes that termination of parental rights is in the best interest of the child.

This tracks the statutory considerations. *See* Iowa Code § 232.116(2). And we agree with that conclusion on our de novo review: the mother put the child's safety in danger, and the child is doing well in the grandmother's care. The mother has made little if any meaningful progress over the life of the case, and the child deserves and needs stability and permanency.

**AFFIRMED.**

---

[1] We note the petition does not challenge any of the grounds for termination, so we do not address them. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).